## MULHERN *v*. HYDE.

The mere allegation of other engagements of the defendant or of his counsel else-
where, does not constitute a sufficient excuse to justify this court in setting aside
a judgment by default rendered in one of the district courts. (*a*)

THIS was an application for a new trial, under § 366 of the
Code. The defendant having suffered judgment by default in
one of the district courts, produced affidavits, to the effect that
he and his counsel had been prevented from appearing on the
trial below, by engagements elsewhere. The nature of these
engagements did not appear.

BY THE COURT. INGRAHAM, FIRST J.—The justice returns
that the defendant did not appear on the return day or the
adjourned day.

The defendant shows no sufficient excuse for his default in
not appearing. We can never sanction a practice that a de-
fendant and his counsel may absent themselves from the court
on the day of trial, and then offer a mere allegation of other
engagements as an excuse for their failure to appear, and as a
ground for setting aside the judgment. If such should be
established as the law of this court on appeals, very few judg-
ments could hereafter be recovered in justices' courts in this
city which we should not be compelled to reverse on appeal.

Judgment affirmed.

(*a*) See *Fowler* v. *Colyer*, 2 E. D. Smith, 125.